UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

WILLIE MCGREGORY, SR. AND
LUCY MCGREGORY                                              PLAINTIFFS


VS.                          CIVIL ACTION NO. 3:06CV561TSL-JCS


THE CITY OF JACKSON, MISSISSIPPI,
ET AL.                                                      DEFENDANTS


MEMORANDUM OPINION AND ORDER

        This cause is before the court on the motion of defendants

City of Jackson, Mayor Frank Melton, Chief of Police Sherlene

Anderson, Jackson City Council, and City of Jackson Police

Officers Willie Allen, Lee Robinson, Walton McJordan and Charles

Banks to dismiss for immunity pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure.  Plaintiffs Willie McGregory,

Sr. and Lucy McGregory have responded in opposition to the motion

and the court, having considered the memoranda of authorities

submitted by the parties, concludes that the motion should be

denied.

        Plaintiffs Willie McGregory, Sr. and his wife, Lucy

McGregory, filed this action for damages against the City of

Jackson, Mayor Frank Melton in his official capacity, and four

City of Jackson police officers, apparently in their individual

and official capacities, pursuant to § 1983 and state law,

asserting claims of excessive force, false arrest and false

imprisonment, and various other state tort claims.[1]  The facts giving rise to this lawsuit, as set forth in the complaint, are as follows.

Plaintiff Willie McGregory runs a mechanic business in an automotive shop on West Capitol Street in the City of Jackson.  He was working in his shop on May 18, 2005 when his son, Willie McGregory, Jr., drove into the establishment, followed by a number of police cars driven by City of Jackson police officers. McGregory, Jr. asked for keys to another vehicle, but plaintiff refused, and implored his son to surrender to the police. According to the complaint, the officers observed the senior McGregory's efforts to get his son to give up.  When gunshots were then fired, plaintiff McGregory lay down inside the building to protect himself.  After the shooting, McGregory, Jr. walked out of the building and gave himself up to the police, and McGregory, Sr. walked out of the building with his hands up.

Plaintiffs allege that although McGregory, Sr. "never took any acts of aggression toward any police officer and had not committed any crime," but rather had done what he could to get his son to surrender, and had done so in a way that was observable to the officers, he was nevertheless ordered by the police officers to lie down on the ground, and an officer handcuffed his hands tightly behind his back.  He was asked to stand, but when he

---

[1]     Mrs. McGregory has asserted a derivative claim for loss of consortium.  The court herein focuses on Mr. McGregory's claims, on which the viability of Mrs. McGregory's claim depends.

responded that the handcuffs were too tight and were causing him great pain, the officers told him to roll over and stand up. McGregory, Sr. alleges he was physically unable to do so, and that one of the officers held a gun to his head and told him he would "blow his f------ brains out if he didn't roll over." McGregory, Sr., though, was not able to roll over, and the officer began kicking him in the ribs, resulting in the breaking of his ribs in several places. He was then pulled up off the ground, placed in a patrol car and taken to the police station, where he was questioned and released.

The individual defendants seek dismissal of plaintiff's federal claims on the basis of qualified immunity, arguing that since they had probable cause to "detain" McGregory, Sr., or at least could reasonably have believed they had probable cause to detain him, they are entitled to qualified immunity.[2] In support of their motion, defendants direct the court to the written statements given by the involved officers during the City's investigation into the shooting incident. In other words, defendants' argument appears based on their own version of the facts. However, since the case is before the court on what defendants themselves purport to recognize as a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court is bound

---

[2]    Defendants argue that plaintiff "fails to set forth facts stating that [McGregory, Sr.] was actually arrested," and they go on to suggest, disingenuously, that he was not arrested, but rather was merely detained for questioning. The facts alleged by plaintiffs are fully supportive of his claim that he was arrested, not merely detained.

to accept the facts as they are alleged in plaintiff's complaint.[3]
See Lowrey v. Texas A & M Univ. Sys., 117 F.3d 242, 246-247 (5th
Cir. 1997) (on Rule 12(b)(6) motion, "complaint must be liberally
construed in favor of the plaintiff, and all facts pleaded in the
complaint must be taken as true").  The question, therefore, is
not whether defendants would have immunity if the facts were as
claimed by them, but rather whether they have immunity based on
the facts *as alleged by plaintiff in his complaint.*  According to
the complaint, the officers had no reason to believe (or even
suspect) that McGregory, Sr. was involved in the shootout with
police, but rather, they knew or should have known that he was
trying to assist police by encouraging his son to surrender to
police.  Further, defendants do not even acknowledge the
allegations of excessive force, which allegations are manifestly
sufficient to overcome defendants' qualified immunity.

Defendants seek dismissal of the state law claims under
certain exemptions to the waiver of immunity under the Mississippi
Tort Claims Act (MTCA), namely, the police protection and
discretionary function exemptions under Mississippi Code Annotated
§ 11-46-9(1)(c) and (d).  While the MCTA represents a waiver of
immunity for certain tort claims, Mississippi Code Annotated
§ 11-46-9(1)(c) and (d) provide exceptions to the MTCA waiver of
immunity," stating:

---

[3]     Defendants have not purported to move for summary
judgment and instead explicitly declare that "[a] Rule 12(b)(6)
motion is the proper vehicle to test the legal sufficiency of the
claims stated in the Complaint."

(1) a governmental entity and its employees acting in
the course and scope of employment or duties *shall not*
be liable for any claim:
. . .
(c) Arising out of any act or omission of an employee of
a governmental entity engaged in the performance or
execution of duties or activities in relation to police
or fire protection unless the employee acted in reckless
disregard of the safety and well being of any person not
engaged in criminal activity at the time of injury;

(d) Based on the exercise or performance or the failure
to exercise or perform a discretionary function or duty
on the part of a governmental entity or employee thereof,
whether or not the discretion be abused.

Defendants were engaged in activities in relation to police

protection at the time of the incident.  However, McGregory, Sr.

was not engaged in criminal activity at the time of his arrest,

and the question, therefore, regarding the potential applicability

of § 11-46-9(1)(c) is whether the officers acted in reckless

disregard of McGregory, Sr.'s safety or well being.  Accepting

McGregory, Sr.'s allegations as true, it certainly cannot be said

that the officers' actions, as identified in McGregory's

allegations of excessive force, fall within the exemption.

Likewise, while a closer question may be presented with respect to

McGregory's claim for wrongful arrest, the court cannot conclude

as a matter of law that the exemption applies, given that the

court must accept McGregory, Sr.'s allegations as true.

Defendants also invoke the "discretionary function"

exemption.  However, if, as plaintiffs allege, the officers had no

arguable basis for concluding they had probable cause to arrest

McGregory, Sr., they it would seem they had no discretion to

arrest him; and in no event did the officers have discretion to

use excessive force against him.  Accordingly, the motion to dismiss the individual defendants will be denied.

The City of Jackson argues that plaintiff's § 1983 claim against it must be dismissed because plaintiff has not alleged that the alleged constitutional deprivations resulted from an official policy, custom or practice of the City, and no such policy, practice or custom is alleged expressly or by implication. On the contrary, plaintiff does expressly allege that the deprivations resulted from an official City policy.  It may be that plaintiff is ultimately unable to substantiate this charge, but that is a matter that is more appropriately explored via summary judgment or trial following time for discovery.

Based on the foregoing, it is ordered that defendants' motion to dismiss is denied.

SO ORDERED this 16th day of August, 2007.


/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE